USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 5/17/18

United States District Court
Southern District of New York

---

JONATHAN GONZALEZ,

                Plaintiff,

- against -

THE CITY OF NEW YORK, ET AL.,

                Defendants.

17-cv-1824 (JGK)

MEMORANDUM OPINION & ORDER

---

JOHN G. KOELTL, District Judge:

The defendants have moved to dismiss the complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The plaintiff, Jonathan Gonzalez, proceeding pro se, has failed to respond to the motion. It is plain that the case should be **dismissed** for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

On January 19, 2018, the plaintiff's attorney filed a motion to withdraw, based on his "extended and ongoing inability to communicate with [the plaintiff]." (Docket No. 26.) On January 23, 2018, the Court granted the motion to withdraw, and ordered the plaintiff to update his contact information within thirty days of the order. (Docket No. 29.) The order noted that the defendants could file a motion to dismiss for failure to prosecute if the plaintiff did not update his contact information within 30 days. (Id.) The order also directed the

plaintiff to provide to the City the required medical releases within twenty days after he sent the Court his updated address. Id. After this order was issued, the plaintiff has not updated his contact information or otherwise filed anything in this case.

On March 30, 2018, the defendants filed a motion to dismiss for lack of prosecution. (Docket No. 31.) On April 5, 2018, the Court issued an order giving the plaintiff until April 20, 2018 to respond to the motion and stating "if the plaintiff does not respond to the motion, the Court may dismiss the case for failure to prosecute." (Docket No. 33.) The plaintiff did not file any opposition.

Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995). The plaintiff has failed to comply with several orders from this Court. He did not respond to an order directing him to update his address to enable the Court and opposing counsel to communicate with him. He also failed to respond to the present motion despite an order giving him a deadline to do so and warning him that his case may be dismissed if he fails to comply with the order. The plaintiff's failure to comply with the Court's orders in the preceding three months clearly warrants dismissal for failure to prosecute, especially

2

in light of this Court's repeated reminders that the plaintiff risked dismissal of his case if he failed to comply with the orders. See, e.g., Avila v. Comm'r, No. 15-cv-2456 (JGK), 2016 WL 1562944, at *3 (S.D.N.Y. Apr. 18, 2016); Wingate v. Ctr., No. 12-cv-2134 (JGK), 2014 WL 3346319, at *1 (S.D.N.Y. July 1, 2014); Waters v. Camacho, 288 F.R.D. 70, 71 (S.D.N.Y. 2013); Varney v. Batman, No. 08-cv-9702 (SHS), 2012 WL 1080137, at *1 (S.D.N.Y. Mar. 30, 2012); Ortega v. Mutt, No. 14-CV-09703 (JGK), 2017 WL 1133429, at *2 (S.D.N.Y. Mar. 24, 2017), reconsideration denied, No. 14-cv-09703 (JGK), 2017 WL 1968296 (S.D.N.Y. May 11, 2017).

The Court has considered various alternatives and it is clear that dismissal without prejudice is a reasonable, lesser sanction, rather than dismissal with prejudice. "[U]nder the circumstances described above, the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity." Amoroso v. County of Suffolk, No. 08-cv-826 (JFB), 2010 WL 2985864, at *3 (E.D.N.Y. July 21, 2010). Ultimately, "[d]ismissal without prejudice, rather than dismissal with prejudice, is proper because courts considering dismissal for failure to prosecute pursuant to Rule 41(b) must consider the efficacy of lesser

3

sanctions." Wingate, 2014 WL 3346319, at *1 (citing Reeder v. Hogan, 515 Fed. App'x 44 (2d Cir. 2013) (summary order)). See also Ortega, 2017 WL 1133429, at *2.

Accordingly, the complaint is **dismissed without prejudice** for failure to prosecute. **The Clerk is directed to close this case.**

SO ORDERED.

Dated:    New York, New York
           May 17, 2018

_____
John G. Koeltl
United States District Judge